**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

BOBBY J. STEWARD,                    )
                                     )
                     Plaintiff,      )
                                     )
       vs.                           )   No.3:04-cv-074-RLY-WGH
                                     )
JAMES E. FOLZ, Sheriff,              )
                                     )
                     Defendant.      )

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The plaintiff's motions for the recusal of the assigned judicial officers in this action filed on August 10, 2005, recites that the assigned judicial officers have made incorrect rulings in this action and do not know, or will not enforce, the law applicable to his claims. The plaintiff concludes from this view that the assigned judicial officers are biased against him or against the claims he is asserting here. The motions for recusal, which have necessarily received consideration before the other pending matters, are **denied,** because adverse rulings against a party are not evidence of bias. *Matter of Huntington Commons Associates,* 21 F.3d 157, 158-59 (7th Cir. 1994). Such rulings are proper grounds for appeal, not for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be."); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions. ").

2.      The plaintiff also seeks to have a 3-judge panel convened to adjudicate his claims. "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). In his request, plaintiff Steward seeks a three-judge panel in this case because of the asserted importance of the issues involved in his complaint. However, such a request could only be granted if authorized by law, for which no statutory or other authority has been cited, and none is discernible. Because the plaintiff's request for a three-judge panel is without legal basis, therefore, the request for such a panel is **denied.**

3. The questions posed by Sheriff Folz's motion for summary judgment are whether plaintiff Steward was required to report to the Sheriff of Posey County as a sex offender under the Indiana Sex Offender Registration statute and whether that statute is constitutionally infirm for any of the reasons Steward has assailed against it. The first of these questions requires development not evident from the present evidence of record, or which bear a more explicit statement from the evidence, and argument. Thus, the defendant shall do the following **not later than August 30, 2005:**

a. State with reference to the evidentiary record currently before the court and any applicable law whether Steward's misdemeanor conviction in No. 65C01-9104-CF-00009, entered on August 28, 1997, triggered the registration requirement.

b. State with reference to the applicable law when Steward's obligation to register under the Indiana Sex Offender Registration statute, as viewed by Sheriff Folz based on the circumstances of this case, expires, and explain how that computation is made.

4. The status conference set for August 15, 2005, is **vacated.**

**IT IS SO ORDERED.**

Date: 08/11/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Bobby J. Steward, 1900 Mackey Ferry Road, Mt. Vernon, IN   47620
W. Trent Van Haaften, BAMBERGER FOREMAN OSWALD & HAHN LLP, P. O. Box 716, Mt. Vernon, IN   47620   tvanhaaften@bamberger.com