UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BOBBY J. STEWARD,                )
                                 )
             Plaintiff,          )
     vs.                         )   No.3:04-cv-074-RLY-WGH
                                 )
JAMES E. FOLZ, Sheriff,          )
                                 )
             Defendant.          )

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the Posey County Sheriff's motion for summary judgment must be **granted.**

**I.**

On January 10, 1992, Bobby Steward ("Steward") was convicted of Child Molesting in the Posey Circuit Court as a Class D felony in No. 65C01-9104-CF-00010. This conviction was affirmed on appeal in *Steward v. State*, 636 N.E.2d 143 (Ind.Ct.App. 1994), and in *Steward v. State*, 652 N.E.2d 490 (Ind. 1995). On the same date and in the same court, in No. 65C01-9104-CF-00009, Steward was convicted of Child Molesting as a Class C felony. On appeal, however, that conviction was remanded for a new trial. In No. 65C01-9104-CF-00009, Steward was ultimately convicted of Child Molesting pursuant to a guilty plea. Although Steward pled guilty to the offense as a Class D felony, by agreement between the State of Indiana and Steward the trial court imposed sentence as a Class A misdemeanor.[1] As used further in this Entry, the term "1992 conviction" refers to Steward's Class D conviction in the Posey Circuit Court in No. 65C01-9104-CF-00010, and the term "1997 conviction" refers to Steward's conviction of the Class A misdemeanor conviction in No. 65C01-9104-CF-00009, entered on August 28, 1997.

---

[1] "The trial court has the discretion to enter judgment of conviction and sentence for a class A misdemeanor when a person has committed a class D felony." *Hutchinson v. State*, 501 N.E.2d 1062, 1066 (Ind. 1986)(citing IND. CODE § 35-50- 2-7 (Burns 1979 Repl.)).

The Indiana Sex Offender Registration statute requires specified offenders to register with the Sheriff of the county where the offender resides. IND. CODE § 5-2-12-5. An "offender" subject to registration pursuant to the Indiana Sex Offender Registration statute is defined as "a person convicted of any of the following sex and violent offenses," including child molesting. *See* IND. CODE § 5-2-12-4(a)(3).

Insofar as pertinent in this case, the duty to register under the Indiana Sex Offender Registration statute "expires ten (10) years after the date the offender . . . . is placed on probation." IND. CODE § 5-2-12-13.

Based on the foregoing, Steward's duty to register based on the 1992 conviction expired on February 14, 2002, while his duty to register under the 1997 conviction has not yet expired, but will expire on August 28, 2007. Any challenge to the application of the Indiana Sex Offender Registration statute based on the 1992 conviction had become moot before this action was filed on May 7, 2004, but the application of that statute to the 1997 conviction is clear. Steward's argument that the statute does not apply to him by virtue of the 1997 conviction is **rejected**, and Sheriff Folz's motion for summary judgment is **granted** as to any such claim.

## II.

It remains, however, to consider Steward's challenge to the Indiana Sex Offender Registration statute, which he assails on several grounds. Each of these lacks merit for the reasons explained:

- *Ex Post Facto Challenge.* The *Ex Post Facto* Clause of Article I, Section 10 of the Constitution prohibits the States from enacting laws that increase punishment for criminal acts after they have been committed. *See generally Calder v. Bull,* 3 U.S. 386, 390, 3 Dall. 386, 1 L.Ed. 648 (1798) (Chase, J., seriatim). In *Hudson v. United States,* 522 U.S. 93 (1997), the Supreme Court explained the proper framework for determining whether a legislative measure constitutes criminal punishment. This determination involves a two-part inquiry: "Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction. A court must first ask whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other. Even in those cases where the legislature has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty." *Id.* at 99 (internal quotation marks and citations omitted). Indiana's sex offender registration statute is nonpunitive. *Kansas v. Hendricks,* 521 U.S. 346, 363 (1997) (holding that the imposition of restrictive measures on sex offenders adjudged to be dangerous is "a legitimate nonpunitive governmental objective and has been historically so regarded"). A review of the Indiana statute shows that registration imposes no affirmative restraint on an offender. Registration has not been historically regarded as a form of punishment.

2

The statute does not promote traditional aims of punishment–deterrence and retribution. The registration requirement is rationally related to the non-punitive government purpose of protecting public safety, and it is not excessive in relation to its public safety purpose. *Smith v. Doe,* 538 U.S. 84, 92 (2003) (noting that sex-offender registration statutes have "a legitimate non-punitive purpose of public safety, which is advanced by alerting the public to the risk of sex offenders in their community") (internal quotation marks omitted). "When convicted sex offenders reenter society, they are much more likely than any other type of offender to be re-arrested for a new rape or sexual assault." *Conn. Dep't of Pub. Safety v. Doe,* 538 U.S. 1, 4 (2003) (quoting *McKune v. Lile,* 536 U.S. 24, 32-33 (2002) (plurality opinion)). In short, "[t]he *Ex Post Facto* Clause does not preclude a State from making reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences." *Smith v. Doe,* 538 U.S. at 103. Indiana has done so here, and the method by which it has done so does not violate the *Ex Post Facto* Clause of the Constitution. *See Hatton v. Bonner,* 356 F.3d 955 (9th Cir. 2004); *Herzberg v. State of Indiana,* 2005 WL 1653993 (N.D.Ind. July 1, 2005).

● *Due Process Challenge.* In *Conn. Dept. of Public Safety,* the United States Supreme Court held that Connecticut's sex offender registration statute did not violate the due process rights of registrants. 538 U.S. at 7. Because the ultimate fact determining whether a person had to register was conviction of a sex crime, the Court found that the criminal procedures leading to the conviction provided the registrant with a sufficient procedurally safeguarded opportunity to challenge the conviction that triggered the registration requirement. *Id.* (observing that "the law's requirements turn on an offender's conviction alone--a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest," and the question of whether or not the offender was entitled to a hearing on whether he or she posed a danger going forth is "a bootless exercise"). This analysis controls this case and dooms any procedural due process challenge Steward could present. As to a substantive due process challenge to the registration scheme of Indiana's Sex Offender Registration statute, this is rationally related to a legitimate government interest in protecting citizens from criminal activity, and therefore did not violate sex offenders' substantive due process rights. *Doe v. Moore,* 410 F.3d 1337 (11th Cir. 2005).

● *Equal Protection Challenge.* An equal protection challenge to a law very similar to Indiana's was rejected in *Doe v. Moore,* 410 F.3d at 1346-47(noting that sex offenders were not a suspect class for equal protection purposes and the increased reporting requirements based on evidence of increased recidivism among a class of felons is rationally related to the state's interest in protecting its citizens from criminal activity) (citing *Smith,* 538 U.S. at 102). This court can add nothing to the discussion of the Eleventh Circuit.

- *Double Jeopardy Challenge.* Steward also presents a double jeopardy challenge. This challenge is based on the threat of prosecution for failing to register when required to do so. The premise of the challenge, as Steward concedes, is that double jeopardy "attaches the instant a person is placed in jeopardy of twice being placed in fear of prosecution and conviction and punishment for a crime arising from the same offense(s). Thus, Indiana's Sexual Offense Registry is unconstitutional since it requires threat of additional felony charges arising from the same offense for which the individual was convicted in the first place." "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits successive prosecution or multiple punishment for 'the same offense.'" *Witte v. United States,* 515 U.S. 389, 391 (1995). The double jeopardy prohibition does not apply unless jeopardy has attached prior to the "second" prosecution. *Fransaw v. Lynaugh,* 810 F.2d 518, 523 (5th Cir. 1987). In a jury trial, jeopardy attaches when the jury is empaneled. *Crist v. Bretz*, 437 U.S. 28, 35 (1978). Based on the parties' arguments and on the evidentiary record, there has been no prosecution initiated against Steward for failing to register. Even if that occurs, moreover, it would be based on conduct remote in time from the 1997 conviction and on entirely different conduct than that which was punishable for the crime of child molesting. Steward's contention that double jeopardy attaches under these circumstances is misplaced.

The foregoing constitutional challenges to the Indiana Sex Offender Registration statute are each lacking in merit, nor is there any other discernible basis for a challenge which could be found sustainable. Steward was required to register pursuant to that statute with respect to the 1997 conviction, this requirement was imposed through a statutory scheme which was fully constitutional, and from all appearances Steward has done so. On February 1, 2005, Steward filed an "additional 42 U.S.C. § 1983 claim against defendant, James E. Folz, Sheriff." This additional claim is based on the defendant sending him a certified letter seeking a "6-month verification" of Steward's residence and employment pursuant to IND. CODE § 5-2-12-8.5. Steward seeks damages in the thousands of dollars for each day since January 25, 2005. Steward argues that because the statute requires residence verification "at least one (1) time per year" and he registered on May 10, 2004, he has satisfied the requirement. Steward argues that requiring this additional verification is "punitive." Because the statutory language is "at least one time per year," requesting such information every six months does not violate the terms of the statute. In addition, the court has already determined that the Indiana scheme is not punitive. The defendant has not violated the Indiana statute or the Constitution by seeking this information.

### III.

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala,* 124 F.3d 298, 305-06 (1st Cir. 1997)(quoting *Fed. R. Civ. P.* 56(e) advisory committee's note to 1963 amendment). Summary judgment is, in a rough sense, "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). The defendant has negated the

4

elements of Steward's claims on which he would bear the burden at trial. The defendant has, moreover, established that he is entitled to prevail. To survive this motion for summary judgment, Steward must come forward with facts "sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). He has not done so, and the consequence of that is clear. "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994), *aff'd*, 115 S. Ct. 2151 (1995).

The defendant's motion for summary judgment is **granted.** Any motion or request not specifically addressed in this Entry is denied. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/14/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana